IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAYVION LLC, doing business as
Associate Partners, also known as
ZCorum,

     Plaintiff,

v.

BAILEY CABLE TV., INC.,

     Defendant.

1:16-cv-557-WSD

## OPINION AND ORDER

On February 23, 2016, Plaintiff Rayvion LLC d/b/a Associate Partners a/k/a ZCorum ("Plaintiff") filed its Complaint [1] against Bailey Cable TV, Inc., asserting claims for breach of contract and attorneys' fees.

Plaintiff's Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire

into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Complaint does not adequately allege Plaintiff's citizenship.  Plaintiff alleges only that it is "a Georgia company with its principal place of business located at 4501 North Point Parkway, Suite 125, Alpharetta, GA 30022."  (Compl. ¶ 1).  This allegation is insufficient.  Plaintiff is required to allege the identity of all of its members and their respective citizenship in order for the Court to determine if it has subject matter jurisdiction.  See Rolling Greens, 374 F.3d at 1022.

Accordingly, Plaintiff is required to file an amended complaint stating the identities of its members and their respective citizenships.[1]  The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff file an Amended Complaint on or before April 4, 2016, that provides the information required by this Order.

**SO ORDERED** this 21st day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE